UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHIGAN ASSOCIATION OF NON-PUBLIC SCHOOLS, | Case No. 20-cv-01174 |
| EVEREST COLLEGIATE HIGH SCHOOL AND ACADEMY, | Hon. Paul L. Maloney |
| FATHER GABRIEL RICHARD HIGH SCHOOL, | |
| LANSING CATHOLIC HIGH SCHOOL, and | |
| CHRISTOPHER ABOOD, DONALD ENGLE, JENNIFER ENGLE, THERESA GRUBER, JAMES NORMAN, DAWN NORMAN, RICHARD POLJAN, WILLIAM ROSS, DEBORAH ROSS, ROBERT SCHWARTZ, and MICHELLE SCHWARTZ, on behalf of themselves and their minor children, | |
| Plaintiffs, | |
| v. | |
| ROBERT GORDON, in his official capacity as Director of the Michigan Department of Health and Human Services, | |
| Defendant. | |
| _____/ | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this notice of supplemental authority to bring to the Court's attention the U.S. Supreme Court's recent denial without prejudice of an application to vacate the stay in *Danville Christian Academy, Inc. v. Beshear*, 592 U.S. ____ (2020).  The order and opinions issued in that case are attached as Exhibit A.

As the Court is aware, the legal issues in *Danville* and here are similar.  There, as here, a state's executive branch issued orders closing religious schools.  Similar to what plaintiffs' seek here, the district court granted a preliminary injunction but the Sixth Circuit stayed that order. The panel reasoned that the plaintiffs were unlikely to succeed on the merits because unlike in prior cases where there were exceptions for "airlines, funeral homes, liquor stores, and gun shops . . . to name only a few," there were no comparable exceptions to Executive Order 2020-969, which applied *only* to schools. *Ky. ex rel. Danville Christian Acad., Inc. v. Beshear*, No. 20-6341, 2020 U.S. App. LEXIS 37413, at *7 (6th Cir. Nov. 29, 2020) (citing *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610 (6th Cir. 2020) and *Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020)).

The Supreme Court denied the application to vacate the stay.  The unsigned order did not address the merits of the case, instead observing that given "the timing and the impending expiration of the Order, we deny the application without prejudice to the applicants or other parties seeking a new preliminary injunction if the Governor issues a school-closing order that applies in the new year."  Exhibit A, *Danville* Order.  Unlike here, the Supreme Court said "there is no indication that [the order] will be renewed." *Id.*  The opinion also explained that the applicants did not raise below the hybrid rights claim as an alternative argument; thus the Court would not address it.  *Id.*  However, Justice Gorsuch, joined by Justice Alito, addressed that issue head on and explained that the Sixth Circuit's decision was "flawed in at least two respects." *Id.* (Gorsuch, J, dissenting).  First, Justice Gorsuch explained that the Sixth Circuit failed to address *or even*

Bodman_17347588_4

*consider* the other executive order.  "Whether discrimination is spread across two orders or embodied in one makes no difference; the Constitution cannot be evaded merely by multiplying the decrees." *Id.* (Gorsuch, J, dissenting) (citing *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U. S. 520, 539–540 (1993)).  Second, Justice Gorsuch explained that the Sixth Circuit failed to consider the "hybrid claim," which concerned the free exercise challenge plus the right of the parents to direct the upbringing of their children. *Id.* (Gorsuch, J, dissenting).  In a separate dissent, Justice Alito cautioned that "no one should misinterpret [the] denial as signifying approval of the Sixth Circuit's decision." *See id*. (Alito, J., dissenting).

*Danville* continues to support entry of an injunction in this case.  Unlike the Kentucky order, the single order here allows for gatherings of the forbidden laundry list of preferred secular activities, many of which, according to the unrebutted affidavit of plaintiffs' infectious disease expert, pose a greater or substantially similar risk of spreading COVID-19 as religious schools. Markowitz Affidavit, ECF No. 19-2, PageID.716-718; *See* Order, ECF No. 1-11, PageID.124-127.  Moreover, even in the school context, there are numerous exceptions for in-person schooling at the high school level or above, which were simply not present in *Danville*.  *See* Order, ECF No. 1-11, PageID.126-127 (allowing for in person gatherings for special education, English language learners, trade schools, vocational schools, technical, cosmetology etc.).  In comparison, as this Court recently recognized, the Kentucky order "excepted only a very small group in-person targeted services and private homeschools." *Resurrection School v. Gordon*, 1:20-cv-1016, ECF No. 24, PageID 697.

As for the matters the Supreme Court did expressly consider, they also support injunctive relief here.  The Court observed that "there is no indication that [the school-closure order] will be renewed" and therefore "schools in Kentucky may reopen after the holiday break, on January 4."

*Danville* Order.  The same cannot be said here as the administration has given every indication that religious schools will remain shuttered.  At the press conference announcing the emergency order at issue in this case, the Governor explained that restrictions could ease only "assuming that our trajectory doesn't get worse[.]"  *Michigan Governor Gretchen Whitmer COVID-19 Press Conference Transcript December 7*, Rev.com, https://www.rev.com/blog/transcripts/michigan-governor-gretchen-whitmer-covid-19-press-conference-transcript-december-7 (updated Dec. 7, 2020). And after Defendant identified rates of positivity as a key decisional metric, he conceded that positivity was "not declining right now," but had "hope" that it would.  *Id.*  Plaintiffs share that hope and would welcome positive reports from the State.  But as things stand, the executive branch has committed only to watching "the numbers," *id.*, and could just as easily close Plaintiffs' schools again with next to no notice.  *Cf. Danville* Order (Gorsuch, J. dissenting) ("I would not leave in place yet another potentially unconstitutional decree, even for the next few weeks.").

Finally, the Supreme Court pointed out that the *Danville* plaintiffs "did not squarely raise" the argument that the general-applicability standard from *Employment Div. Dept. of Human Resources of Ore. v. Smith*, 494 U. S. 872 (1990), does not apply when another right is also implicated, such as "the right of parents to direct the education of their children." *Id.* (quoting *Smith*, 494 at 881).  The same cannot be said here.  *See* ECF No. 6, PageID.205-206; ECF No. 19, PageID.705 ("The right to direct the education of children is not governed by *Smith*.").  And, as Justice Gorsuch recognized, contrary to the State's argument here, that hybrid right triggers strict scrutiny even if the law were deemed neutral and generally applicable, which it is not.

Here, Plaintiffs proceeded expeditiously and should be allowed to return to the classroom on equal footing as secular businesses.  Defendant's order expires on December 20, 2020 at 11:59 PM and is likely to continue past that date.  It should be declared immediately unlawful and

enjoined.  Plaintiffs should not be forced to wait any longer.  Plaintiffs, member schools, and families need to make plans for returning to the safe school environment that they were in prior to the Defendant's orders.  Defendant's "wait and see" attitude towards reopening religious schools is antithetical to the Constitution.

                              Respectfully submitted,

                              BODMAN PLC

                              By: /s/Thomas J. Rheaume Jr.
                              Thomas J. Rheaume Jr. (P74422)
                              Gordon J. Kangas (P80773)
                              6th Floor at Ford Field
                              1901 St. Antoine Street
                              Detroit, Michigan  48226
                              313-259-7777
                              trheaume@bodmanlaw.com
                              gkangas@bodmanlaw.com

December 18, 2020                      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN ASSOCIATION OF NON-PUBLIC SCHOOLS,

EVEREST COLLEGIATE HIGH SCHOOL AND ACADEMY,

FATHER GABRIEL RICHARD HIGH SCHOOL,

LANSING CATHOLIC HIGH SCHOOL, and

CHRISTOPHER ABOOD, DONALD ENGLE, JENNIFER ENGLE, THERESA GRUBER, JAMES NORMAN, DAWN NORMAN, RICHARD POLJAN, WILLIAM ROSS, DEBORAH ROSS, ROBERT SCHWARTZ, and MICHELLE SCHWARTZ, on behalf of themselves and their minor children,

    Plaintiffs,

v.

ROBERT GORDON, in his official capacity as Director of the Michigan Department of Health and Human Services,

    Defendant.
_____/

Case No. 20-cv-01174

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                              */s/Thomas J. Rheaume, Jr.*
                              Thomas J. Rheaume, Jr. (P74422)