UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN ASSOCIATION OF NON-PUBLIC SCHOOLS, ET AL.,

    Plaintiffs,

v

ROBERT GORDON, in his official capacity as Director of the Michigan Department of Health and Human Services,

    Defendant.

No. 1:20-cv-01174

HON. PAUL L. MALONEY

MAG. JUDGE GREEN

Thomas J. Rheaume Jr. (P74422)
Gordon J. Kangas (P80773)
Bodman, PLC
Attorneys for Plaintiffs
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
313-259-7777
trheaume@bodmanlaw.com
gkangas@bodmanlaw.com

Daniel J. Ping (P81482)
Neil Giovanatti (P82305)
Kyla L. Barranco (P81082)
Assistant Attorneys General
Attorneys for Defendant
P.O. Box 30736
Lansing, MI 48909
517-335-7632
pingd@michigan.gov
giovanattin@michigan.gov
barrancok@michigan.gov

Ian A. Northon (P65082)
Rhoades McKee PC
Attorney for Proposed Intervenor
55 Chapau Ave., N.W., Ste. 300
Grand Rapids, MI 49503
616-235-3500
ian@rhoadesmckee.com

                                                      /

**DEFENDANT'S BRIEF IN OPPOSITION TO ZION CHRISTIAN SCHOOL'S MOTION TO INTERVENE AS PROPOSED PLAINTIFF**

## INTRODUCTION

The Michigan Association of Non-Public Schools, three private high schools, and several parents ("Plaintiffs") brought this case last month to challenge the temporary prohibition on in-person instruction at high schools. That temporary prohibition was lifted as of December 21, 2020, through DHHS's December 18, 2020 Gatherings and Face Masks Order. As a result of the December 18th Order, this Court denied Plaintiffs' motion to enjoin the prohibition on in-person high school instruction as moot. (ECF No. 23, PageID.737.) As the Court stated, "Plaintiffs have received the relief they seek." (*Id.*)

Zion Christian Schools ("Zion") now seeks to intervene in this mooted case. Like Plaintiffs, Zion seeks to provide in-person instruction to its students. But there is simply no reason for Zion to intervene in this case as, like Plaintiffs, it can now offer in-person instruction to all grades. Thus, Zion's motion, like Plaintiffs' motion for injunctive relief (and this entire case), is moot.

Even if the motion was not moot, Zion's motion should still be denied as it cannot satisfy the standards for intervention under Federal Rule of Civil Procedure 24. Zion cannot reasonably claim intervention as of right as there is no interest divergent from Plaintiffs that Plaintiffs cannot adequately represent. And permissive intervention should also be denied because Plaintiffs' and Zion's interest in permitting in-person instruction are not distinct and Zion's planned path to this (already permitted) result would unnecessarily delay adjudication of this case.

For these reasons and as discussed further below, the Court should deny Zion's motion.

1

# ARGUMENT

## I. Zion's motion should be denied as moot.

Zion seeks intervention in this case to contest the prohibition on gatherings for in-person instruction at high schools contained in both DHHS's November 15th and December 7th orders.[1] Though ambiguous in the proposed complaint, the affidavits attached to Zion's proposed complaint—which purport to "document a non-exhaustive list of other harms" purportedly arising from DHHS's orders (Proposed Complaint, ¶ 57, PageID.654)—make clear that Zion's claims arise solely from previous restrictions on in-person instruction and not other proscriptions in DHHS's orders.  (*See* Decl. of Craig Baker, ECF No. 18-3, ¶¶ 25–26, 29, PageID.673; Decl. of Todd Hoekstra, ECF No. 18-4, ¶¶ 9, 12, 16–18, 21, PageID.678–80; Decl. of Dr. Peter Tjapkes, ECF No. 18-5, ¶¶ 6–8, 11–15, PageID.683–85; Decl. of Pam Maartense, ECF No. 18-6, ¶¶ 12–14, 17–18, 20, 23–27, 30, PageID.689–93.)

Since Zion filed its motion, DHHS issued a new order, which rescinded the previous orders and does not include a prohibition on gatherings for in-person instruction.  (Ex. A, Dec. 18th Order.)  As a result of this latest order, the Court denied Plaintiffs' motion seeking injunctive relief as moot, finding that "Plaintiffs have received the relief they seek."  (ECF No. 23, PageID.737.)  The same is true for Zion.  With the challenged prohibition on gatherings for in-person instruction at

---

[1] All DHHS public health orders can be found at https://www.michigan.gov/coronavirus/0,9753,7-406-98178_98455-533660--,00.html.

high schools lifted, Zion's intervention to contest a defunct order would be meaningless, and its motion to intervene is accordingly moot.

Both in this circuit and others, the repeal of temporary COVID restrictions has rendered challenges to the repealed restrictions moot. *See, e.g.*, *Martinko v. Whitmer*, 465 F. Supp.3d 774, 777 (E.D. Mich. 2020) (dismissing challenges to rescinded executive orders as moot); *Allen v. Whitmer*, No. 20-CV-11020, 2021 U.S. Dist. LEXIS 993, at *4-5 (E.D. Mich. Jan. 4, 2021) (same); *Cassell v. Snyders*, 458 F. Supp. 3d 981, 991 (N.D. Ill. 2020) (dismissing as moot claims for injunctive and declaratory relief regarding aspects of COVID-related executive orders that were no longer in effect); *Cummings v. Desantis*, No. 2:20-cv-351, 2020 U.S. Dist. LEXIS 150120, at *4-7 (M.D. Fla. Aug. 19, 2020) (same); *Krach v. Holcomb*, No. 1:20-CV-184, 2020 U.S. Dist. LEXIS 79259, at *4 (N.D. Ind. May 6, 2020) (same); *see also Trump v. Hawaii*, 138 S.Ct. 2392, 2404 (2018) (holding that, when "temporary restrictions" in an executive order "expire[ ] before . . . [a] [c]ourt [takes] any action," the action is rendered moot).

Zion (or Plaintiffs) might argue that DHHS's action amounts to a voluntary cessation insufficient to moot the issues before this Court. While mere "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000), a case is moot where "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *Ammex, Inc. v. Cox*, 351 F.3d 697, 705 (6th Cir. 2003) (quoting *County of*

3

*Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)).  And where the government is the actor sought to be enjoined, "cessation of the allegedly illegal conduct . . . has been treated with more solicitude by the courts than similar action by private parties." *Id.* (cleaned up).  The policy change "provides a secure foundation for dismissal based on mootness so long as it appears genuine." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (quoting *Ragsdale v. Turnock,* 841 F.2d 1358, 1365 (7th Cir. 1988), in turn citing 13A Wright, Miller & Cooper *Federal Practice & Procedure* § 3533.7, at 353 (2d ed. 1984)).

DHHS's December 18th Order is not a mere "voluntary cessation."  In fact, the previous orders no longer have any legal force.  DHHS has replaced them with the December 18th Order that permits both Plaintiffs' and Zion's high school students to return to in-person instruction.  The lifting of the challenged restriction, like the various other modifications made in the December 18th Order, was "genuine" and driven by DHHS's ongoing assessment of the pandemic and the changing needs of the state to combat it. *Mosely*, 920 F.2d at 415.  (*See also* Ex. A, Dec. 18th Order p. 2 ("In light of . . . the recent promising reductions in the rate of spread of COVID-19, we can now begin cautious reopening . . . .").)  This is not a circumstance in which DHHS was dead-set on enjoining specific activities that Plaintiffs claim they were entitled to engage in, as if the new order is simply a shadow to avoid litigation.  To the contrary, the now-rescinded orders' temporary pause on in-person high school instruction was always intended and held out to be just that: a temporary pause implemented to meet the immediate needs of a particular moment in this ever-

4

evolving public health crisis. Indeed, Director Gordon made clear when the December 7th Order was issued that reopening high schools was DHHS's top priority.[2] That this temporary pause ended in short order, as always desired and planned, provides no basis to overlook the mootness of Zion's instant attempt to challenge it.

Moreover, Zion cannot demonstrate a "reasonable expectation that the [alleged] wrong will be repeated." *Mosley*, 920 F.2d at 415 (cleaned up). Closing schools—at the high-school level or otherwise—is a restriction of last resort. The decision to temporarily pause in-person high school instruction was compelled by the immediate demands of a uniquely dire moment in Michigan's battle with this pandemic. Key COVID-19 indicators have improved since the imposition of the temporary pause, and the roll-out of COVID-19 vaccines throughout Michigan is underway and accelerating. Given these circumstances, and the ever-changing needs of this pandemic more generally, the notion that Zion might at some point find itself again subject to a pause on in-person high school instruction is a matter of speculation, not "reasonable expectation." *Mosley*, 920 F.2d at 415; *see also, e.g.*, *Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020) ("To be sure, no one knows what the future of COVID-19 holds. But it is speculative, at best, that the Governor might reimpose the ten-person restriction or a similar one.").

---

[2] DHHS, Press Release, *MDHHS extends epidemic order 12 days to ensure COVID-19 surge is stabilizing* (Dec. 7, 2020) ("With improvements in those numbers in context, MDHHS will carefully reopen, with in-person learning at high schools first.") (PageID.523).

5

Simply put, and as numerous courts have recognized, the fact that COVID-19 remains a threat does not render evergreen any challenge to a past effort to combat it. Zion cannot demonstrate a reasonable expectation that DHHS will again exercise its authority to restrict in-person high school instruction.

For these reasons, Zion's attempt to intervene in this matter is futile. This Court should deny Zion's motion as moot.

## II. Zion is not entitled to intervene as of right.

Intervention as of right requires the proposed intervenor to demonstrate that "(1) the application [to intervene] was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011); Fed. R. Civ. P. 24(a)(2). Here, Zion purports to share an interest with Plaintiffs in contesting the now-expired restrictions on in-person instruction. But Zion cannot demonstrate that its intervention is necessary to protect its interest or that Plaintiffs do not adequately represent any shared interests.

Zion's intervention is not necessary to protect its interests because the case is moot as described above. Whether or not Zion is permitted to intervene, it will remain in the same position—able to offer in-person instruction to its students. Thus, denying Zion's intervention in this action will in no way "impair or impede" its ability to provide in-person instruction. Moreover, Zion's contentions that its

6

mission is "unique" and its "reformed bible-based approach . . . does not comport with all of Plaintiffs' 400 or so member schools" suggest that Zion believes its distinct religious practices differentiate it from Plaintiffs such that no decision in this case could fully adjudicate Zion's claims.  (Zion Mtn. at 3, ECF No. 18-1, PageID.640.)  If Zion's interests are indeed so distinct from Plaintiffs', then it seems Zion's ability to protect those interests would not be "impeded or impaired" by denial of intervention herein.

But even if Zion's interest in providing in-person instruction could somehow be impeded by not being granted intervention in this action, Zion fails to demonstrate that Plaintiffs would not "adequately represent" any shared interest to ensure in-person instruction remains permissible.  Like here, where Zion allegedly "shares the same ultimate objective as a party to the suit," there is "a presumption of adequate representation."  *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 373 (6th Cir. 2010) (internal quotations omitted).  To overcome this presumption, Zion must show "'collusion . . . between the representatives and an opposing party,' pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure 'in the fulfillment of his duty.'"  *Id.* (quoting *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)).  Zion offers no such evidence, nor any substantive argument that Plaintiffs would inadequately represent any shared interest in this matter.  Thus, Zion fails to overcome the presumption of adequate representation and is not entitled to intervene as of right.

Zion's participation is simply not crucial to this litigation. Zion's motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) should be denied.

### III. Permissive intervention offers no path for Zion's entry into this case.

In the alternative, Zion also asserts that it should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b). (Zion Mot. at 3–4, ECF No. 18-1, PageID.641.) Permissive intervention requires that the proposed intervenor has "a claim or defense that shares with the main action a common question of law or fact," and it requires this Court to consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1), (3). Decisions to grant or deny intervention under subpart (b) fall within the Court's discretion. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007).

Missing from Zion's motion is any explanation for what it might bring to this lawsuit in the form a different argument, factual allegation, or the like. It does not identify any infirmities in Plaintiffs' prosecution of this case. Similarly, Zion makes a vague overture to the fact that its curriculum might differ from Plaintiffs' member schools, but it does so without explaining how that will affect this Court's resolution of the constitutional issues. Nor does it explain how it might miss out on the relief sought. Indeed, among the relief requested by Plaintiffs is "a declaration that in-person religious schooling must be determined on a case-by-case basis," which, if granted, would inure to Zion's benefit. (Compl. p. 22, ECF No. 1, PageID.22.)

8

In short, although it identifies the arguments it must make, Zion identifies no practical need for intervention. Most egregiously, Zion admits that it must "show that [its] interest is 'distinct' from the existing parties," but it fails to make that showing, instead offering only the conclusion that "each school and each student is unique." (Zion Mot. at 4, ECF No. 18-1, PageID.641.) But if a "distinct" interest automatically arose from the fact that a proposed intervenor is a different entity from the existing plaintiff, permissive intervention would be appropriate in literally every case. And, like intervention as of right discussed above, when the existing parties will adequately represent the interests of the potential intervenors, "the case for permissive intervention disappears." *Menominne Indian Tribe of Wisconsin v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996); *see also Tri–State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015); *Acra Turf Club, LLC v. Zanzuccki*, 561 F. App'x 219, 222 (3d Cir. 2014).

Zion's case for a lack of delay or prejudice is likewise conclusory. To that end, Zion attempts to portray its intervention here as economical by holding it up against the alternative of bringing its own lawsuit. (Zion Mot. at 2, ECF No. 18-1, PageID.639.) But Zion cannot use the prospect of another hypothetical lawsuit to obscure the impact of its proposed intervention on *this* lawsuit and the present parties to it, who—if Zion is permitted to intervene—will likely need to engage in another round of motion practice addressing whatever substantive and procedural issues Zion brings to the table. If the debate will somehow expand to new areas,

9

Zion has not explained exactly how. Zion does point out that Plaintiff declined to raise a state-law claim (i.e., non-delegation), but that claim is barred by the Eleventh Amendment in addition to being a proper and recognized basis for abstention. (Zion Mot. at 4, ECF No. 18-1, PageID.641.) In any event, this Court is well aware that identical facial challenges are pending in other cases that are further along than this one.

At bottom, Zion fails to persuade that its objections to the orders are not functionally identical to Plaintiffs'. Between this case and others pending before this Court, Zion's interests are adequately protected. Permissive intervention will only complicate and delay this case rather than simplify it, and Zion's request should be denied.

## CONCLUSION AND RELIEF REQUESTED

Defendant respectfully requests that the Court deny Zion Christian Schools' motion to intervene and grant any other appropriate relief to Defendant.

Respectfully submitted,

*/s/ Neil Giovanatti*
Neil Giovanatti (P82305)
Daniel J. Ping (P81482)
Kyla L. Barranco (P81082)
Assistant Attorneys General
Attorneys for Defendant
P.O. Box 30736
Lansing, MI 48909
517-335-7632
giovanattin@michigan.gov
pingd@michigan.gov
barrancok@michigan.gov

Dated:  January 8, 2021

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.3(b)(i)**

I certify that the above brief is 2,541 words in length including all headings, footnotes, citations, and quotations.  This brief was created using Microsoft Word.

*/s/ Neil Giovanatti*
Neil Giovanatti (P82305)
Assistant Attorney General
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notices and copies to all counsels of record.

*/s/ Neil Giovanatti*
Neil Giovanatti (P82305)
Assistant Attorney General
Attorney for Defendant
